**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIUMAN WAN, | No. 09-71579 |
| Petitioner, | Agency No. A075-759-065 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:       LEAVY, PAEZ, and BEA, Circuit Judges.

Xiuman Wan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Wan established changed circumstances to excuse the delay in filing her asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656-658 (9th Cir. 2007) (per curiam). Accordingly, her asylum claim fails.

With respect to Wan's withholding of removal claim, substantial evidence supports the agency's conclusion that Wan failed to establish past persecution where police detained, questioned, and hit her once, and where she was subsequently fired from her job and required to report to the police. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (stating that the fact petitioner was fired from her job because of her religious beliefs, while discriminatory, is not the type of economic deprivation that rises to the level of persecution). Additionally, the record does not compel the conclusion that Wan has established a clear probability of future persecution. *See Ramadan*, 479 F.3d at 658. Accordingly, Wan's withholding of removal claim fails.

Finally, substantial evidence supports the agency's finding that Wan failed to establish a likelihood of torture if returned to China. *See Wakkary*, 558 F.3d at 1068. Accordingly, Wan's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

09-71579